**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

MAYRA YAMILETH CRUZ GAMEZ,

Petitioner,

v.

FRED FIGUEROA, et al.,

Respondents.

Case No. CIV-26-02521-JD

**ORDER**

Respondents filed a Response in Opposition to the Verified Petition for Writ of Habeas Corpus ("Response") [Doc. No. 8], opposing the petition filed by Mayra Yamileth Cruz Gamez ("Petitioner"). The Response informs the Court that "on October 2, 2026, . . . [an immigration judge] granted [Petitioner] voluntary departure to Honduras under safeguards and she waived her right to appeal." Response at 2. The Court notes and confirms through the relevant public information system that an immigration judge granted Petitioner voluntary departure. *See* Exec. Off. for Immigr. Rev., *Automated Case Info. Sys.*, https://acis.eoir.justice.gov/en/ (last accessed Oct. 28, 2026); *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1213 (10th Cir. 2012) ("The contents of an administrative agency's publicly available files . . . traditionally qualify for judicial notice . . . .").

The regulatory framework controlling Petitioner's voluntary departure motion requires that Petitioner (1) withdraw all asylum claims, (2) concede that she is removable, and (3) waive her right to appeal the removal order. 8 C.F.R. § 1240.26(b)(1)(i). The

same regulation requires that the Immigration Judge enter an alternate order of removal in case of noncompliance with the voluntary departure requirements, and that alternate order is subject to Petitioner's appeal waiver. 8 C.F.R. § 1240.26(d). "[P]resum[ing]" the "administrative regularity" of these procedures, the Court concludes that Petitioner is now subject to a final order of removal.[1] *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993). This action is therefore moot as the issues in the Petition are no longer live.

Consequently, the Court DISMISSES the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 29th day of October 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] The order itself further corroborates the administrative regularity of the procedure. [Doc. No. 8-4 at 1–3].